# Cooley

Gerard O'Shea
T: +1 212 479 6704
goshea@cooley.com


August 13, 2024

**VIA ECF**

The Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *SOCi, Inc. v. Yext, Inc. et al.*, Case No. 1:24-cv-04530-RA-OW

Dear Judge Wang,

Defendants Yext, Inc. ("Yext"), Stuart Greer, Christopher Brownlee, Jenette Simisky, Megan Menesale, and Keith Hadelman (collectively, the "Defendants") write seeking a stay of discovery until a decision is issued on their Motion to Dismiss (ECF No. 45) the First Amended Complaint (ECF No. 8). This dispositive motion on behalf of all Defendants covers all seven causes of action and addresses the lack of personal jurisdiction and improper venue for the individually-named Defendants. A brief stay on discovery will avoid the parties and the Court spending time and resources on broad and potentially entirely unnecessary discovery. No prejudice results from this brief adjournment as, outside of speculation or unfounded conclusory statements, SOCi has not pointed to any actual harm—either imminently about to occur or having occurred in the past—connected with its allegations.

A court may issue a stay of discovery upon a showing of "good cause." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,* 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). Good cause exists here because Defendants have filed a dispositive motion, there is broad discovery being sought, and SOCi will not be prejudiced by the stay. *Spira v. TransUnion, LLC*, 2023 WL 5664215, at *1 (S.D.N.Y. Sept. 1, 2023*)*. Given that Defendants' motion "may significantly narrow, if not eliminate, the issues remaining in the case," proceeding with discovery while the motion pends "would waste the parties' resources and would constitute an undue burden on defendants." *Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997). For the following reasons, a stay of discovery is warranted.

***First***, Defendants' Motion to Dismiss presents dispositive arguments for each of SOCi's claims and addresses key jurisdictional issues. *See Amron v. 3M Minnesota Mining & Mfg. Co.*, 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) (finding "good cause" to issue a stay "in light of the arguments Defendants raised on its anticipated Rule 12(b)(6) and 12(b)(2) motion"). Defendants' motion seeks to dismiss SOCi's claims against *all* the former SOCi employees

# Cooley

VIA ECF
August 13, 2024
Page Two

because none are subject to personal jurisdiction in New York. *See Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (granting a stay of discovery based on a pending potentially dispositive motion to dismiss due to lack of personal jurisdiction). Defendants' motion also seeks to dismiss or transfer venue because both SOCi's forum selection clause and, in the case of two individual defendants, governing Massachusetts law, dictates litigation over damages must occur *outside* this District. *See Renois v. WVMF Funding, LLC*, 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021) (finding good cause to stay discovery pending the resolution of defendants' jurisdictional motion). Defendants' motion will also seek to dismiss the claims against all Defendants due to SOCi's failure to sufficiently plead any claims. For example, SOCi alleges breach of contract and tortious interference, but it does not identify any enforceable contractual obligation being breached. Similarly, SOCi alleges trade secret misappropriation but does not identify the trade secrets at issue—let alone plausibly plead theft, use, or disclosure by any of the Defendants. The remainder of SOCi's state law claims either fail to plead essential elements, simply re-allege other contract and tort claims, or both. As such, a stay of discovery is appropriate. *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting a stay where "substantial arguments for dismissal" are set forth in the motion to dismiss).

**Second**, as Defendants "ha[ve] put forth in [their] motion multiple, independent arguments for dismissal and the motion 'appears not to be unfounded in the law,'" granting a stay will likely "avoid the need for costly and time-consuming discovery." *Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1 (citation omitted). Here, SOCi's seven separate claims against six different defendants (including five individuals in their personal capacity) would otherwise result in an arduous discovery process. *See Richardson v. City of New York*, 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022) (holding that, where a complaint "implicates numerous defendants, including several individuals in their personal capacities," such individuals "will likely find it burdensome to respond to discovery requests," thus weighing in favor of a stay). SOCi has already made clear it intends to seek broad discovery. For example, during the Rule 26(f) conference, SOCi's counsel stated SOCi intends to take 12 depositions (beyond the limit allowed without leave of court under FRCP 30(a)(2)). Given the likelihood that few, if any, of SOCi's claims can survive Defendants' motion, many Defendants—and topics for discovery—will be narrowed or eliminated. This will streamline discovery, saving the Court's and the parties' resources. For example, if claims involving the former SOCi product employees are dismissed, there will be no reason for SOCi and Yext to conduct potentially very costly discovery concerning their respective software products. *See Lawson v. Rubin*, 2018 WL 4211446, at *2 (E.D.N.Y. Mar. 7, 2018) ("A stay is reasonable here where defendants' arguments suggest that at least some of the supplemental discovery may be avoided once the Court decides defendants' motions to dismiss."). Also, forcing potential future non-parties to undergo rigorous discovery would be a waste of time, effort, and judicial resources. *See Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1 (granting stay of discovery to potentially "avoid the need for costly and time-consuming discovery").

**Third**, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Rivera*

Cooley LLP   55 Hudson Yards   New York, NY   10001-2157
t: +1 212 479 6000  f: +1 212 479 6275  cooley.com

# Cooley

VIA ECF
August 13, 2024
Page Three

*v. Heyman*, 1997 WL 86394, at *1. SOCi will not be harmed by this stay. SOCi has been aware of the alleged wrongdoing it claims represents imminent irreparable harm and requires immediate discovery for *many months* and has still not moved to seek a preliminary injunction. (ECF No. 31, Yext's Opposition to SOCi's Expedited Discovery Request). SOCi's actions undercut any theoretical claims to urgency. Despite having over six months to investigate its claims, SOCi has failed to identify any harm necessitating immediate discovery. In the recently filed Case Management Plan (ECF No. 41), Defendants proposed a discovery schedule that will allow the parties to immediately move forward in an efficient manner following a decision on Defendants' Motion to Dismiss—if necessary. Put simply, SOCi will not be prejudiced by a stay of discovery in this matter. *Cohen v. Saraya USA, Inc.*, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) (finding plaintiff will not be prejudiced by a stay where the "case is still in its early stages—a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken").

      For the reasons set forth above, Defendants request that this Court grant a stay of discovery pending resolution of Defendants' Motion to Dismiss. We appreciate the Court's consideration of this request.

Respectfully submitted,

<u>s/ Gerard D. O'Shea</u>
Gerard O'Shea