# GLENN AGRE BERGMAN & FUENTES

Reid Skibell
rskibell@glennagre.com

1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.970.1600

November 15, 2024

**VIA ECF**

Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re:   *SOCi, Inc. v. Yext, Inc. et al.*, No. 1:24-cv-04530-RA-OW

Dear Judge Abrams,

      We write on behalf of Plaintiff SOCi, Inc. ("SOCi") in response to Defendants Yext, Inc. ("Yext"), Stuart Greer, Chris Brownlee, Jennette Simisky, Megan Menesale, and Keith Hadelman's (collectively with Yext, "Defendants") letter to the Court (ECF No. 78) purporting to "advise the Court of developments relevant to the resolution of Defendants' Motion to Dismiss (ECF No. 45)." Put simply, Defendants' letter is an inappropriate submission that places inaccurate and heavily disputed "facts" before the Court that are irrelevant to the adjudication of the Motion to Dismiss. *See, e.g.*, *Trombetta v. Novocin*, 2021 WL 6052198, at *13 (S.D.N.Y. Dec. 21, 2021) (Abrams, J.) ("Sur-replies filed without the court's permission are generally considered improper.").

      In their letter, Defendants characterize as unquestionably true unilateral assertions that SOCi has disputed several times over, are at odds with an array of evidence (including a sworn declaration), and, at most generous, would *potentially* support a summary judgment motion *after the close of discovery*. Specifically, Yext claims that Yext's Chief of Product, Tzi-Kei Wong, identified in the Amended Complaint as the "Yext Insider," did not communicate with a representative of SOCi about certain allegations in the Amended Complaint. In response, SOCi provided Defendants with additional facts and documents disproving this claim, which Defendants neglected to acknowledge in their submission. SOCi is prepared to further set forth its position in detail and provide additional information should Defendants file a properly noticed motion.

      Regardless, the Amended Complaint does not "rest[] on allegations attributed to" the Yext Insider, as Defendants erroneously contend. The Yext Insider's statements merely confirmed SOCi's independently well-founded allegations; the statements are not the basis for them. Accordingly, disputes concerning the Yext Insider and any information attributed to them are irrelevant to the Court's adjudication of the Motion to Dismiss.

      Defendants' letter amounts to an unsworn factual declaration made by an attorney in a misguided effort to overcome the well-pled allegations in the Amended Complaint. The filing of such a plainly improper submission suggests that Defendants are desperate to avoid discovery.

Hon. Ronnie Abrams
November 15, 2024
Page 2 of 2

GLENN AGRE BERGMAN & FUENTES

SOCi respectfully requests that the Court should disregard Defendants' sur-reply—a proffer of disputed factual assertions mislabeled as truths—in its entirety.

Respectfully submitted,

/s/ L. Reid Skibell
Reid Skibell

cc:   Counsel for Defendants (by ECF)