UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOCI, INC.,

            Plaintiff,

      v.                                                       No. 24-cv-4530(RA)

YEXT, INC., STUART GREER, CHRIS                   ORDER
BROWNLEE, JENETTE SIMISKY,
MEGAN MENESALE, and KEITH
HADELMAN,

            Defendants.

RONNIE ABRAMS, United States District Judge:

      The Court is in receipt of the parties' letters regarding the allegations of the so-called "Yext Insider" contained in the complaint. *See* Dkt. 78, 79. As Plaintiffs correctly note, district courts generally may not consider factual material outside the complaint when deciding a Rule 12(b)(6) motion to dismiss. *See Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 200). Unless Defendants can show that their factual assertions fall within several narrow exceptions to that rule, the Court will not consider those assertions at this stage. *See In re Merrill Lynch & Co. Rsch. Rep's Sec. Litig.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003) (summarizing the exceptions under which extraneous factual material may be considered in deciding a Rule 12(b)(6) motion). Nonetheless, Plaintiff is on notice that it could be subject to sanctions if it proceeds with its complaint and the allegations therein turn out to be false. *See Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*, No. 22-cv-7962 (RA), 2024 WL 3265646, at *5, 7 (S.D.N.Y. Sept. 23, 2024)

(imposing sanctions when plaintiff continued to press complaint after defendant provided notice that certain factual allegations were false).

SO ORDERED.

Dated: November 18, 2024
New York, New York

_____
Ronnie Abrams
United States District Judge