**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____ x

SOCi, Inc.

                 Plaintiff,

          - against -

Yext, Inc., Stuart Greer, Chris
Brownlee, Jenette Simisky,
Megan Menesale, and Keith
Hadelman,

                 Defendants.

_____ x

No. 1:24-cv-04530-RA-OTW

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of the above-captioned matter (the "Action"):

## DEFINITIONS GENERALLY

1.    <u>Parties.</u> The term "Party" means a plaintiff or defendant in this Action, including the officers, directors, principals, and other employees acting on behalf of a corporate party. "Parties" means any combination of plaintiffs or defendants in this Action, including the officers, directors and principals acting on behalf of corporate Parties.

2.    <u>Non-Parties.</u> The term "Non-Party" means any individual, corporation, association, or other natural person or entity that is not a party to the Action.

3.    <u>Discovery Material.</u> The term "Discovery Material" means all documents, items, or information (regardless of the medium or manner generated, stored, or maintained) including testimony transcripts, and tangible things that are produced or generated in disclosures or responses to discovery in this Action. This includes any material produced, filed, or served by any

1

Party or Non-Party in this Action, or any information included in such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, responses to requests for admission, documents, and tangible things. The term "document" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure and Federal Rule of Evidence 1001.

   4. <u>Privilege.</u> The term "privilege" means the attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity against disclosure recognized by law.

   5. <u>Confidential Information.</u> The term "Confidential Information" means confidential or proprietary business, commercial, research, personnel, product, or financial information (regardless of how it is generated, stored, or maintained) including but not limited to:

    a. previously non-public financial information (including without limitation profitability reports or estimates, percentage fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    b. previously non-public material relating to ownership or control of any non-public company;

    c. previously non-public and proprietary information that reveals, contains, or reflects Confidential Information;

    d. previously non-public and proprietary research, technical, or commercial information;

    e. competitively sensitive information;

    f. any information of a personal or intimate nature regarding any individual, including medical information, personally identifying information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft), personnel information, tax returns or filings;

g.      any information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, Non-Party designating the material as confidential, be detrimental to the conduct of that Party's or non-Party's business or the business of any of that Party's or Non-Party's customers or clients;

h.      any other category of information hereinafter given confidential status by the Court; or

i.      any other material that qualifies for protection under Federal Rule of Civil Procedure 26(c).

6.      <u>Highly Confidential Attorney's Eyes Only Information.</u> The term "Highly Confidential Attorney's Eyes Only Information" means shall mean any Confidential Information that is of such a private, sensitive, competitive, or proprietary nature that there is a reasonable probability present disclosure to persons other than those identified in Paragraph 19 would cause substantial harm to the Producing Party or materially impair the legitimate competitive positions or interests of the Producing Party. A designation of Confidential Information as Highly Confidential Attorney's Eyes Only Information constitutes a representation that such Confidential Information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation.

7.      <u>Designating Party.</u> A Party or Non-Party that designates Discovery Material as "Confidential Information" or "Highly Confidential Attorney's Eyes Only Information."

8.      <u>Producing Party.</u> A Party or Non-Party that produces Discovery Material in this Action.

9.      <u>Receiving Party.</u> A Party or Non-Party that receives Discovery Material from a Producing Party.

10.     <u>Protected Material.</u> Confidential Information and Highly Confidential Attorney's Eyes Only Information are collectively referred to as "Protected Material."

**GENERAL PROVISIONS**

12.     <u>Scope.</u> This Stipulation and Protective Order (the "Protective Order") governs all Discovery Material produced by any Party or Non-Party in this Action.

13.     <u>Limited Purpose.</u> Unless otherwise agreed-to by the Parties or further ordered by the Court, Protected Material will be held and used by the person receiving such information solely for use in connection with the Action.

14.     The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

15.     <u>Designation of Protected Material.</u> Any Party or, if applicable, non-Party, may designate documents produced, or testimony given, in connection with this action as "Confidential Information" or "Highly Confidential Attorney's Eyes Only Information" either by notation on each page of the Document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means. If all or a portion of written discovery responses are entitled to protection under this Protective Order, then the entire response may be designated as "Confidential Information" or "Highly Confidential Attorney's Eyes Only Information" provided, however, following service of such

responses and upon request of the Receiving Party, the Parties (and Non-Parties, to the extent applicable) will meet and confer regarding whether certain portions of those responses are not Protected Material and memorialize any agreement in writing.

16.    Any person subject to this Protective Order who receives from any other person any Protected Material shall not disclose such Protected Material to anyone else except as expressly permitted hereunder.

17.    The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information or Highly Confidential Attorney's Eyes Only Information. If the Producing Party does not agree to declassify such document or material within two (2) business days of the written request, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may file a motion seeking resolution by the Court. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information or Highly Confidential Attorney's Eyes Only Information. If such motion is filed, the documents or other materials shall be deemed as designated by the Producing Party unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information or Highly Confidential Attorney's Eyes Only Information. Nothing in this Protective Order constitutes an admission by any party that Protective Material disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Protected Material.

## DISCLOSURE OF PROTECTED MATERIAL

18.    <u>Confidential Information.</u> No person subject to this Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the producing person as "Confidential Information" to any other person, except to:

a.    the Parties to this Action;

b.      the Parties' internal counsel, and their legal, investigative, technical, administrative and other support staff, acting on behalf of a corporate Party to the Action;

c.      the Parties' outside counsel, including any paralegal, clerical, and other support staff employed by such counsel and assigned to this matter;

d.      persons whom the Confidential Information itself indicates, or the Receiving Party otherwise has a good faith basis to believe, were the author, creator, producer, addressee, source, or recipient of the Discovery Material; and any person whose statements, communications or actions are expressly mentioned, discussed, or referred to;

e.      any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in the Action and to whom disclosure is reasonably necessary, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

f.      any person retained by or on behalf of a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

g.      stenographic reporters, videographers and their respective staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

h.      the Court and its support personnel;

i.      any current employee of the Designating Party actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder; and

j.      any mediator or other presiding officer during any alternative dispute resolution proceeding in which the Parties have agreed to participate.

19.    <u>Highly Confidential Attorney's Eyes Only Information.</u> Notwithstanding the foregoing paragraph, no person subject to this Protective Order, other than the Producing Party, shall disclose any Discovery Material designated as "Highly Confidential Attorney's Eyes Only Information" to any other person, except to:

a.    the Parties' outside counsel retained in connection with this matter, including any paralegal, clerical, and other support staff employed by such counsel and assigned to this matter;

b.    persons whom the Highly Confidential Attorney's Eyes Only Information itself indicates were the author, creator, producer, addressee, source, or recipient of the document; and any person whose statements, communications or actions are expressly mentioned, discussed, or referred to;

c.    any person retained by a Party in good faith to serve as an expert witness or consultant or otherwise provide specialized advice to outside counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. Before any disclosure of Confidential Information or Highly Confidential Attorney's Eyes Only Information is made to an expert witness or consultant ("Expert"), counsel for the Receiving Party making such disclosure shall first identify the name of the Expert to the Producing Party. The Expert shall not, at the time of the Receiving Party's identification, and throughout the Expert's engagement by the Receiving Party or the Receiving Party's counsel, be a current employee or consultant (beyond any engagement as an Expert) of: (i) either Party; or (ii) any company described, listed, or referred to as a competitor on any Party's most recent publicly-filed "Annual Information Forms" (Form 10-K), and, the Expert shall not; (iii) have been employed by either Party within the 18 months preceding the date of this Protective Order; or (iv) be a shareholder of either Party, except the Parties agree this does not include a holder of less than one percent (1%) of the outstanding equity of either Party ((i) – (iv) collectively, the "Exclusion Grounds"). The Producing Party shall have two (2) business days from

Receiving Party's identification of the Expert to move the Court, on the basis of the Exclusion Grounds only, for an order precluding disclosure to such Expert. No disclosure shall be made until the dispute is resolved;

    d.      stenographic reporters, videographers and their respective staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

    e.      any other person whom the Producing Party agrees in writing may have access to such Discovery Material;

    f.      the Court and its support personnel; and

    g.      any mediator or other presiding officer during alternative dispute resolution proceedings for which the Parties have agreed to participate.

## USE OF PROTECTED MATERIAL BY A PARTY IN THIS ACTION

20.    <u>Depositions.</u> From the date of a deposition until fifteen (15) business days after receipt of a final deposition transcript, such transcript shall be deemed Highly Confidential Attorney's Eyes Only Information in accordance with this Protective Order unless the Parties otherwise agree. Absent a timely designation of some or all of the final transcript as Confidential Information or Highly Confidential Attorney's Eyes Only Information, this presumptive designation shall lapse. The designation shall be made either on the record during the deposition or in writing and served upon all counsel of record and the relevant court reporter. Any designation of a transcript (or portion thereof) shall be treated as a designation of the deposition's video, or portion thereof, and vice-versa. This Protective Order shall not preclude counsel for any Party from using during any deposition in this action any documents or testimony which has been designated as Confidential Information or Highly Confidential Attorney's Eyes Only Information under the terms hereof. To the extent a Producing Party intends to introduce a document marked Highly Confidential Attorney's Eyes Only Information as an exhibit to a deposition of a witness, which

was produced pursuant to the terms of this Protective Order and the Producing Party has reason to believe the witness was not previously permitted access to review such document under the terms of this Protective Order, such document shall be identified by counsel for the Producing Party by sending it to counsel for the Receiving Parties at least twenty-four (24) hours in advance of the deposition and the document will be disclosed to the witness in accordance with the terms of this Protective Order. Any deposition witness who is given access to Protected Material shall, prior thereto, be provided with a copy of this Protective Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, if applicable, a non-Party that is a Producing Party. In the event that, upon being presented with a copy of the Protective Order, a witness refuses to execute the agreement to be bound by this Protective Order, the Court shall, upon application, enter an order directing the witness's compliance with the Protective Order.

21.    <u>Filings.</u> All Protected Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Material, shall be filed under seal and kept under seal until further order of the Court. The Parties will use their best efforts to minimize such sealing. In any event, any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Material itself, and not text that in no material way reveals the Protected Material. The parties shall follow the Court's procedures with respect to filing under seal.

22.    The Court retains unfettered discretion whether to afford confidential treatment to any Protected Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

## **REQUEST FOR CURE OF UNAUTHORIZED DISCLOSURES**

23.    Each person who has access to Protected Material that has been designated as Confidential Information or Highly Confidential Attorney's Eyes Only Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

24.    Any Party or Non-Party (or counsel to any Party or Non-Party) that becomes aware of any unauthorized disclosure of Protected Material or any breach of this Protective Order shall promptly give notice to the Party or Non-Party that produced or supplied the Protected Material of such circumstances, including a reasonable description of the circumstances that led to the unauthorized disclosure. Upon receipt of such notice, the Party or Non-Party that produced or supplied the Protected Material may seek such other relief as is appropriate. In any event, the Party or Non-Party that made the unauthorized disclosure shall immediately use its best efforts to retrieve such information and to prevent further disclosure.

## **PRODUCTION OF PROTECTED MATERIAL WITHOUT DESIGNATION**

25.    The disclosure of a document or information without designating it as "Confidential Information" or "Highly Confidential Attorney's Eyes Only Information" shall not constitute a waiver or impairment of any subsequent claim of protection of the confidential nature of any such material.

26.    Upon a Party or Non-Party's discovery that its information was not correctly designated, that Party or Non-Party shall provide notice to the other Parties that the information was inappropriately designated. The Producing Party or Non-Party shall then have twenty (20) business days in which to re-designate the information and produce a replacement copy of the re-designated document with appropriate confidentiality mark. The document shall be produced with an overlay load file referencing the original Bates number and including a metadata field indicating the confidential status of the document. If the reproduced document is stamped with a new Bates number, the load file shall include a cross-reference field to the original Bates number. If an inadvertently-omitted Confidential Information or Highly Confidential Attorney's Eyes Only

Information designation is first claimed by the Producing Party during the course of a deposition, hearing or proceeding in which such Protected Material is disclosed as though no designation had been made, it must be treated immediately going forward as though that Confidential Information or Highly Confidential Attorney's Eyes Only Information designation had been previously made. The Producing Party or Non-Party of such Protected Material shall then have twenty (20) business days in which to re-designate the information and produce a replacement copy of the re-designated document with appropriate confidentiality mark.

27.    Additionally, upon notice that any Protected Material has not been appropriately designated and upon receipt of the re-produced document with the appropriate confidentiality stamp, the Party receiving such notice shall return or destroy all incorrectly marked Protected Material. Upon notice, the Receiving Party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material before its re-designation shall immediately be treated in conformity with any such re-designation. The Receiving Party shall thereafter treat the documents consistent with the designated level of confidentiality. No Party is deemed to violate this Protective Order if, prior to notification of any designation, Protected Material has been disclosed or used in a manner inconsistent with the later designation. If such Protected Material became a part of the public record prior to notice of a request to change its designation, it is the responsibility of the Party or Non-Party who changed the designation to move the Court for appropriate relief.

## PRODUCTION OF PRIVILEGED OR OTHER MATERIAL IMMUNE FROM DISCOVERY

28.    Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this matter or in any other federal or state proceeding provided the parties follow the steps set forth in Rule 502.

29.     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for responsiveness and/or segregation of privileged and/or protected information before production.

30.     If the Producing Party becomes aware that it has produced privileged or work-product protected documents, ESI or information, the Producing Party will promptly notify the Receiving Party in writing of the production and the basis of the privilege being asserted. The obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

31.     The Producing Party retains the burden of establishing the privileged or protected nature of any information.

## MISCELLANEOUS

32.     Any PII (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential.

## CONCLUSION OF LITIGATION

33.     This Protective Order shall survive the termination of this Action. At the conclusion of litigation, within forty-five (45) calendar days of the final disposition of this Action, all Discovery Material designated as "Confidential Information" or "Highly Confidential Attorney's Eyes Only Information," and all copies thereof, shall be promptly returned to the Producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. This obligation does not extend to data stored on enterprise data back-up systems which store and delete data for emergency back-up purposes only, so long as such data is subject to a periodic and automatic destruction policy.

34.     Notwithstanding the above requirements to return or destroy documents, Counsel of Record may retain (1) attorney work product, and (2) a complete set of all documents filed with the Court, including those filed under seal.

35.    This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

36.    If a Receiving Party is called upon to produce Confidential Information or Highly Confidential Attorney's Eyes Only Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information or Highly Confidential Attorney's Eyes Only Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information or Highly Confidential Attorney's Eyes Only Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this Order shall be construed as requiring any Party to this Protective Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

37.    This Protective Order may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

[Remainder of Page Intentionally Left Blank—Signature Page Follows]

**SO STIPULATED AND AGREED**

GLENN AGRE BERGMAN & FUENTES LLP

/s/ _____

Reid Skibell
Edward E. Shapiro
Evan McCants-Goldman
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
rskibell@glennagre.com
eshapiro@glennagre.com
emccants.goldman@glennagre.com
Tel: (212) 970-1600

Lyn R. Agre (*pro hac vice*)
44 Montgomery Street, Suite 2410
San Francisco, CA 94104
lagre@glennagre.com
Tel: (415) 599-0881

*Attorneys for Plaintiff SOCi, Inc.*

Dated: _____

COOLEY LLP

/s/ _____

Gerard O'Shea
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
goshea@cooley.com

Joseph D. Lockinger
1299 Pennsylvania Avenue, N.W.
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
jlockinger@cooley.com

*Attorneys for Defendants Yext, Inc., Stuart Greer, Chris Brownlee, Jenette Simisky, Megan Menesale, and Keith Hadelman*

Dated: _____

SO ORDERED

_____
Ona T. Wang United States Magistrate Judge

Dated: 11/22/2024

14

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOCi, Inc.,<br><br>                    Plaintiff,<br><br>          v.<br><br>Yext, Inc., Stuart Greer, Chris Brownlee, Jenette Simisky, Megan Menesale, and Keith Hadelman,<br><br>                    Defendants. | Case No. 1:24-cv-04530-RA-OTW<br><br>**AGREEMENT WITH RESPECT TO CONFIDENTIAL INFORMATION** |

I, _____, state that:

1.     My address is _____.

2.     My present occupation or job description is _____.

3.     I have received a copy of the Protective Order (the "Stipulation") entered in the above-entitled action on _____.

4.     I have carefully read and understand the provisions of the Stipulation.

5.     I will comply with all of the provisions of the Stipulation.

6.     I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information or Highly Confidential Attorney's Eyes Only Information disclosed to me (as such terms are defined in the Stipulation).

7.     I will return all Confidential Information or Highly Confidential Attorney's Eyes Only Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or Highly Confidential Attorney's Eyes Only Information.

8.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this action.

Dated: _____          _____