# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOCi, Inc.,<br><br>        Plaintiff,<br><br>    v.<br><br>Yext, Inc., Stuart Greer, Chris Brownlee, Jenette Simisky, Megan Menesale, and Keith Hadelman,<br><br>        Defendants. | Case No. 1:24-cv-04530-RA-OTW |

## DECLARATION OF GERARD O'SHEA IN
## SUPPORT OF DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

I, Gerard O'Shea, hereby declare, pursuant to 28 U.S.C. § 1746:

1.     I am a Partner at Cooley LLP representing Defendants Yext, Inc. ("Yext"), Stuart Greer, Chris Brownlee, Jenette Simisky, Megan Menesale, and Keith Hadelman.

2.     I submit this declaration in support of Defendants' Motion for Rule 11 Sanctions against Plaintiff SOCi, Inc. ("SOCi") and its counsel, Reid Skibell and Glenn Agre Bergman & Fuentes LLP ("Glen Agre").

3.     I have personal knowledge of the information stated below and, if called to testify, would testify as follows:

4.     Upon reviewing SOCi's Complaint (the "Complaint," ECF No. 1), I noted it relied heavily on allegations attributed to a purported confidential Yext "insider" (the "Insider").

5.     Attorneys at my firm interviewed several employees in the days following the filing of the Complaint to ascertain whether there was any basis for the Insider's claims. Attorneys at my firm also reviewed the calendars of certain employees whom the Complaint alleged, based on information purportedly shared by the Insider, had participated in a meeting on or around a certain

date. We identified no evidence supporting any of the allegations attributed to the Insider.

6. Thus, I reached out, via phone on June 25, 2024, to alert counsel for SOCi, Reid Skibell of Glenn Agre, that my firm had investigated the allegations made by the Insider, determined they were not well-grounded in fact, and believed SOCi had received erroneous information.

7. During the phone call on June 25, 2024, I also asked Mr. Skibell if the Insider was then-currently employed by Yext, and Mr. Skibell stated "yes."

8. The identity of the Insider has now been confirmed as Yext's former Chief Product Officer, Tzi-Kei Wong. Ms. Wong's separation from employment with Yext was publicly announced on June 4, 2024, in a Form 8-K filing and, on June 5, 2024, in a press release (https://www.investing.com/news/economy/yext-announces-12-workforce-reduction-to-boost-profitability-93CH-3471417).

9. In addition, Falk Gottlob, SOCi's then-Chief Product Officer, and the only person at SOCi or Glenn Agre alleged to have spoken with the Insider—and thus the only conceivable person who was Glenn Agre's source of information regarding the Insider—knew that Ms. Wong was leaving her employment at Yext because he texted her regarding such departure on June 6, 2024, a week before the Complaint was filed. *See* Tzi-Kei Wong's Declaration, ¶ 12, filed herewith. Mr. Gottlob also references the press release announcing Ms. Wong's departure from Yext in his declaration. (ECF No. 17, ¶ 18.)

10. Moreover, the Complaint SOCi filed prior to our call on June 25, 2024, indicates that Glenn Agre knew Ms. Wong was no longer employed as Yext's Chief Product Officer. Specifically, it states that "[o]n or about June 5, 2024, it was announced that [Chris] Brownlee was becoming Yext's Head of Product as part of a restructuring." (ECF No. 1, ¶ 56.)

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Dated: November 14, 2024

COOLEY LLP

*DRAFT*
Gerard O'Shea
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Facsimile: (202) 479-6275