# GLENN AGRE BERGMAN & FUENTES

Reid Skibell
rskibell@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.970.1600

February 7, 2025

**VIA ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *SOCi, Inc. v. Yext, Inc. et al.*, Case No. 1:24-cv-04530-RA-OW

Dear Judge Abrams:

We write separately on behalf of Plaintiff SOCi, Inc. ("SOCi") to apprise the Court of an issue that the parties could not agree on in providing their joint status update to the Court. For the reasons set forth below, SOCi respectfully requests a status conference to address a critical and disturbing development.

On May 3, 2024, counsel for Yext, Inc. ("Yext"), Stuart Greer, Chris Brownlee, Jennette Simisky, Megan Menesale, and Keith Hadelman (the "Individual Defendants," and collectively with Yext, "Defendants") represented to counsel for SOCi that Yext was searching its systems for SOCi confidential information and that it had warned the Individual Defendants "to carefully review their personal devices to ensure that no SOCi documents or materials were inadvertently retained and to immediately purge SOCi documents or materials, if any." Nevertheless, it was only during the parties' discussions in the last several weeks that counsel for Defendants revealed to SOCi for the first time that the Individual Defendants are in possession of certain (still unidentified) documents belonging to SOCi.

Apparently, Yext and its counsel have known since some point in May that the Individual Defendants took SOCi's proprietary and confidential documents but concealed this fact. Defendants also declined to identify the misappropriated documents as relevant evidence in their Federal Rule of Civil Procedure 26 initial disclosures. That is wholly improper: Defendants and their counsel were obligated to promptly provide notice and offer to return the documents when this situation was first discovered.[1] They have still not done so.

---

[1]   *See Forward v. Foschi*, 27 Misc. 3d 1224(A) (Sup. Ct. 2010) ("[T]he Court does not agree that because the production was not inadvertent and instead, was intentional, that the Rule 4.4(b) of the Rules of Professional Conduct is inapplicable"); *see also Harris Davis Rebar, LLC v. Structural Iron Workers Loc. Union No. 1, Pension Tr. Fund*, 2019 WL 447622, at *5 (N.D. Ill. Feb. 5, 2019) ("[I]t is difficult to see how the concerns giving rise to Model Rule 4.4(b) are not greater, as opposed to less, when the unauthorized disclosure of confidential and privileged

Hon. Ronnie Abrams
February 7, 2025
Page 2 of 2

**GLENN AGRE BERGMAN & FUENTES**

      The existence of these misappropriated documents is consistent with and corroborates SOCi's allegations in this action and is therefore directly relevant to Defendants' motion to dismiss (ECF No. 45) and threatened motion for sanctions. Indeed, throughout Defendants' motion to dismiss the First Amended Complaint and reply in support, they argue that SOCi's misappropriation pleadings are deficient even though Defendants have long known otherwise.

      To the extent Defendants complain that this information is protected by Federal Rule of Evidence 408, that Rule "cannot be read to allow litigants to insulate bad facts by disclosing them in settlement negotiations." *United States v. Atl. Dev. Grp., LLC*, 2020 WL 3421095, at *12 (S.D.N.Y. May 12, 2020), *report and recommendation adopted*, 2020 WL 3415631 (S.D.N.Y. June 22, 2020). The documents at issue *belong to SOCi*. The reality is that if Defendants had offered to return the misappropriated documents immediately (as they were required to do) or had disclosed the existence of those documents in their initial disclosures (as they were also required to do), Plaintiff would not be bringing this issue up now. Defendants cannot shield their bad decisions from scrutiny by invoking Rule 408. *See e.g., IBM v. BGC Partners, Inc.*, 2013 WL 1775367, at *6 n.6 (S.D.N.Y. Apr. 25, 2013) ("Rule 408 does not require the exclusion of any evidence that is otherwise discoverable merely because the evidence is revealed during negotiations") (internal quotations omitted).

      In light of this newly discovered information, SOCi respectfully seeks a conference to address Defendants' conduct and their ongoing failure to return SOCi's confidential and proprietary documents.

      We appreciate the Court's consideration of this request.

      Respectfully submitted,

      */s/ Reid Skibell*
      Reid Skibell
      Lyn R. Agre

---

information is intentional, rather than accidental"); *Burt Hill, Inc. v. Hassan*, 2010 WL 419433, at *4 (W.D. Pa. Jan. 29, 2010) (same).