

Gerard D. O'Shea
T: +1 212 479 6704
goshea@cooley.com

February 13, 2025

**VIA ECF**

Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street New York, NY 10007

      Re:    *SOCi, Inc. v. Yext, Inc. et al.*, Case No. 1:24-cv-04530-RA-OW

Dear Judge Wang:

      We represent Defendants in the above-referenced matter. We write in response to the letter SOCi, Inc. ("SOCi") submitted to the Court on Friday, February 7, 2025, ECF No. 115 ("SOCi's Letter"), which was improperly addressed to Judge Abrams. We are submitting this response before Your Honor pursuant to Judge Abrams' order, ECF No. 121. SOCi's Letter references statements Defendants' counsel made during confidential settlement negotiations and was publicly filed in violation of Rule IV of Your Honor's Individual Practices in Civil Cases, Local Civil Rule 5.2, and longstanding Second Circuit policy concerning the appropriate use and disclosure of settlement communications.

      It is well established that filings containing settlement communications should be filed under seal. *See e.g.*, *Liu v. Nielsen Co. (US) LLC*, 22 CIV. 9084 (JHR), 2023 WL 3750116, at *2 (S.D.N.Y. Jun. 1, 2023) (sealing documents and finding that "any presumption of access to preliminary settlement documents . . . not submitted to a court for ratification is at its weakest" (internal quotation omitted)); *Paravas v. Cerf,* 21-CV-7463 (RA) (BCM), 2022 WL 203168, at *2 (SDNY Jan. 24, 2022) (sealing filings and cautioning plaintiff not to "publicly reveal the substance of the parties' ongoing settlement negotiations"); *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 1317975, at *2 (S.D.N.Y. Mar. 2, 2016) (stating that "[t]he Second Circuit has repeatedly affirmed the importance of settlement confidentiality in light of the public interest in promoting settlement" and sealing settlement documents); *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998) (finding that the presumptive right of access to settlement discussions "is negligible to nonexistent"). Defendants' letter motion filed herewith ("Defendants' Response") responds substantively to SOCi's Letter and addresses SOCi's misguided attempt to improperly collect *pre*-discovery relying solely on settlement communications.

      Pursuant to Fed. R. Civ. Pro. 5.2(d), Rule IV of the Court's Individual Practices in Civil Cases, and Local Civil Rule 5.2, Defendants respectfully request that SOCi's Letter and Defendants' Response be sealed in their entirety on the public docket. Counsel for Defendants met



*Via ECF*
February 13, 2025
Page Two

and conferred with SOCi's counsel on February 10, 2025, regarding this request, but no agreement was reached.

      We appreciate the Court's consideration of this request.

                                      Respectfully submitted,

                                      s/ *Gerard O'Shea*
                                      Gerard D. O'Shea

CC: Hon. Ronnie Abrams, United States District Court, Southern District of New York