# GLENN AGRE BERGMAN & FUENTES

Reid Skibell
rskibell@glennagre.com
1185 Avenue of the Americas, 22nd Fl.
New York, New York 10036
212.970.1600

March 3, 2025

By ECF

Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street New York, NY 10007

    Re:    *SOCi, Inc. v. Yext, Inc. et al.*, Case No. 1:24-cv-04530-RA-OW

Dear Judge Wang:

    Pursuant to Your Honor's Individual Rule II(b) and December 18, 2024 Order (ECF No. 92), we write on behalf of Plaintiff SOCi, Inc. ("SOCi") to request additional discovery before the depositions of Falk Gottlob and Tzi-Kei Wong. Counsel for Mr. Gottlob joins in this request. The parties met and conferred on SOCi's request and were unable to reach agreement.

    Defendants' counsel recently admitted that their clients are in possession of SOCi documents, including most recently during a status conference before Judge Abrams. Defendants' counsel has also, tellingly, refused to conclusively identify the number or categories of illicitly procured documents. In fact, the narrative keeps shifting. During the status conference, a lawyer for Defendants stated they were in receipt of a SOCi "template" that had been publicly posted on LinkedIn, and then when asked by Judge Abrams if it was a single document, he acknowledged there were other "templates." Subsequently, the attorney stated one of the Individual Defendants took documents related to an employee's performance improvement plan.

    Moreover, when Judge Abrams inquired as to why Defendants do not merely return the documents to SOCi, the attorney stated that it would be unduly burdensome to identify all of the documents in question. This puzzling claim suggests that the number of documents is significant, Yext, Inc. ("Yext") does not even know what the Individual Defendants misappropriated, or both. Whichever is the case, SOCi deserves the opportunity to investigate through targeted discovery. For the two reasons below, SOCi respectfully requests (i) the production of the documents Yext has acknowledged were taken by the Individual Defendants and that it has refused to turn over; and (ii) the deposition of a corporate representative concerning Yext's knowledge of and participation in the Individual Defendants' misappropriation of those particular documents.

    *First,* the existence of misappropriated documents is consistent with and corroborates Mr. Gottlob's testimony that the Individual Defendants took SOCi documents and Yext did not cause them to return the documents. *See* ECF No. 17, at ¶¶ 24-25, 27-31. Accordingly, the discovery sought is directly relevant to Defendants' motion for sanctions related to Mr. Gottlob's testimony.

     *Second*, Defendants and their counsel have put their own conduct at issue by pursuing sanctions. *See Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 341 (2d Cir. 1999) ("Although. . . . we need not address whether such unclean hands may preclude the imposition of sanctions, we observe that *a court considering sanctions can and should consider the equities involved before rendering a decision*.") (emphasis added). And Defendants' calculated decision to conceal the existence of misappropriated intellectual property is plainly sanctionable because they have violated Rule of Professional Conduct 4.4(b) and related duties owed to the Court. *See* ECF No. 115, at 1, n.1 9.

     This issue typically arises when one party seeks to introduce evidence that was improperly obtained to bolster its position, thereby putting the opposing party on notice of the misconduct. What justifies sanctions in these situations is that the introducing party has gained an unfair advantage by surreptitiously acquiring documents that do not belong to it. *See, e.g.*, *Xyngular Corp. v. Schenkel*, 200 F. Supp. 3d 1273, 1317 (D. Utah 2016) ("[I]t is improper to surreptitiously acquire an opposing party's property outside of the discovery process"), *aff'd sub nom. Xyngular v. Schenkel*, 890 F.3d 868 (10th Cir. 2018); *Glynn v. EDO Corp.*, 2010 WL 3294347, at *3 (D. Md. Aug. 20, 2010) ("[A] district court may sanction a party for wrongfully obtaining the property or confidential information of an opposing party"); *Ashman v. Solectron Corp.*, 2008 WL 5071101, at *2 (N.D. Cal. Dec. 1, 2008) ("When a party wrongfully obtains documents outside the normal discovery process, a number of different types of sanctions are available."); *Fayemi v. Hambrecht & Quist*, Inc., 174 F.R.D. 319, 324 (S.D.N.Y. 1997) ("[A] court must be able to sanction a party that seeks to introduce improperly obtained evidence; otherwise the court, by allowing the wrongdoer to utilize the information in litigation before it, becomes complicit in the misconduct.").

     That same rationale exists here, where Defendants have argued in their motion to dismiss that SOCi's misappropriation claims are deficient while, at the very same time, possessing illicitly obtained documents that are *inconsistent* with their legal position. For that reason, SOCi should be permitted to develop the factual record with respect to when Defendants and their counsel learned that SOCi's intellectual property had been taken, who took it, and what was taken.

     Finally, to the extent Defendants complain that the existence of the misappropriated information is protected by Federal Rule of Evidence 408 because it was revealed in settlement negotiations, such contention would be unavailing for the reasons previously explained. *See* ECF No. 115, at 2. Additionally, at the recent status conference, Defendants' counsel voluntarily reported on the issues that are dividing the parties with respect to settlement, going far beyond anything previously disclosed by SOCi. At this juncture, they cannot hide behind Rule 408.

     We thank the Court for its time and consideration.

Hon. Ona T. Wang
March 3, 2025
Page 3 of 3

**GLENN AGRE BERGMAN & FUENTES**

Respectfully submitted,

*/s/ Reid Skibell*

Reid Skibell
Lyn Agre